IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| P. C. S.,<br><br>*Petitioner*,<br><br>v.<br><br>LEONARD ODDO, *et al*,<br><br>*Respondents.* | Civil Action No. 3:26-cv-1967<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner is a native and citizen of Mexico who illegally entered the United States at an unknown date and unknown time. On September 18, 2023, he was taken into immigration custody. Then, on May 21, 2026, an immigration judge denied Petitioner's applications for relief and ordered him removed from the United States. His appeal of that decision is currently pending before the Board of Immigration Appeals ("BIA").

Petitioner is subject to detention under 8 U.S.C. § 1226(a). He received a bond hearing on October 3, 2023, and he was denied bond because he was subject to mandatory detention and, alternatively, because he was a danger. Petitioner filed a motion for a change circumstances custody redetermination hearing in March 2024. He alleged changed circumstances based on the fact that he had been found mentally incompetent following a hearing pursuant to *Matter of M-A-M-*, 25 I&N Dec. 474 (BIA 2011). At an April 4, 2024 bond hearing, an immigration judge denied bond finding that Petitioner posed a danger to the community and was a flight risk. Petitioner appealed the denial to the BIA, and the BIA remanded the matter back to the immigration judge for further fact-finding on the issue of danger noting that current case law

allowed an immigration judge to consider mental competency in assessing danger to the community. Following remand, a bond hearing was scheduled for July 29, 2024. But on July 26, 2024, Petitioner, through immigration counsel, filed a motion to withdraw the bond hearing request. An immigration judge granted the request without prejudice. A bond hearing request was never filed by Petitioner.

Instead, Petitioner brings this habeas petition in federal court over two years later seeking immediate release or, in the alternative, an individualized bond hearing. (ECF No. 1). He argues that his detention under § 1226(a) has become unreasonable. In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203. 211 (3d Cir. 2020). After weighing these factors, the Court concludes that Petitioner's detention has become unreasonable.

Petitioner's almost 38-month detention has dragged on long enough for this factor to cut toward unreasonableness. Additionally, there is no indication that the appeal before the BIA is likely to be decided soon. Given the possibility of a subsequent appeal to the United States Court of Appeals for the Third Circuit, Petitioner's removal proceedings are likely to last much longer, no matter which way the BIA decides his appeal. Thus, this factor also weighs in favor of unreasonableness. The Court finds that the third and fourth factors are neutral. There is no reason on the record before the Court to hold the delay against any of the parties. And Petitioner is not housed with those serving criminal sentences, nor does he allege specific conditions of confinement at the Moshannon Valley Processing Center, which is only for immigration

detainees, that would make his civil confinement "look penal."[1] *German Santos*, 965 F.3d at 211 (citation modified). In sum, the Court holds that the factors indicate that Petitioner's detention has become unreasonable. He is now entitled to an individualized determination of whether continued detention is necessary to mitigate flight risk or danger to the community.

AND NOW, this 13th day of November 2026, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART AND DENIED. It is GRANTED in that within thirty (30) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. At that hearing, the government must bear the burden of proving by clear and convincing evidence that continued detention is necessary. Furthermore, the immigration judge must consider mental competency in assessing Petitioner's danger to the community.

IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief. The Court will not award attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). It finds that Respondents' position was substantially justified in this case, so no fees shall be awarded.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

[1] According to Petitioner, "he is forced to wear a uniform; his unit houses 60-70 individuals who all share sleeping quarters and communal toilets and showers; jail staff control the employment opportunities; he works an inmate job for extremely low pay; his food choices are limited and restricted; he cannot receive incoming phone calls; jail staff use solitary confinement as punishment; and he is restricted to his unit for approximately 22 hours a day." (ECF No. 1, p. 35; ECF No. 15, p. 48).